```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LISA HOFFENBERG, | |
| Plaintiff, | Civil Action No. 12-4833 (JBS/AMD) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, Chief Judge:

Before the Court are Plaintiff's motion to reinstate venue [Docket Item 18] and Defendant's motion to dismiss [Docket Item 15.] The Court finds as follows:

1. Plaintiff, pro se, filed a Complaint with the District Court for the District of Columbia that asserts a loss of consortium claim arising from actions by Federal Bureau of Prisons ("BOP") employees against her husband, Steven Hoffenberg, who is incarcerated at FCI Fort Dix, in Fort Dix, New Jersey.[1] [Docket Item 1.] Upon the government's motion, that court transferred venue to this Court "in the interest of judicial

---

[1] Plaintiff's Complaint is 96 pages inclusive of exhibits and is often difficult to decipher. She does not appear to allege that Defendant caused any direct injury to her. Rather, she states: "Plaintiff actual injury discerned below, comes from the Rule of Law, in the plaintiff loss of consortium, damage, by the named BOP staff below, constant injury to the plaintiffs husband Hoffenberg . . . at Fort Dix Prison." [Compl. ¶ 26.] Her administrative claim form states that she seeks to recover for loss of consortium. [Compl. Ex. 5 ¶ 8.]

efficiency and convenience to the parties and witnesses . . . ." Hoffenberg v. United States, No. 11-2094, Order, at 3 (D.D.C. issued July 12, 2012). The court concluded that venue was proper in this District because the underlying events occurred in New Jersey, Mr. Hoffenberg is incarcerated in New Jersey, and Plaintiff lives in New York. [Id. at 1-2.] Although the court did not explicitly state that this Court has personal jurisdiction over Defendant, the court did recite the proper standard for transfer of venue, which is that the transferee district must be one in which the action could have been brought originally. [Id. at 2.]

2. Plaintiff moves to have this Court transfer venue back to the District Court for the District of Columbia. However, the Third Circuit has held that the "law of the case doctrine" permits a transferee court to review the issue of venue only when the transferor court has not previously made a determination that venue is proper. Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 166 (3d Cir. 1982). Because the transferor court in this case expressly made a reasoned determination that venue is proper in this District, and because the Court finds that it has personal jurisdiction over Defendant, the United States of America,[2] the law of the case doctrine prohibits reconsideration

---

[2] Plaintiff does not assert that personal jurisdiction is lacking.

of venue transfer, and Plaintiff's motion must be denied.

3. The government proffers several arguments to dismiss Plaintiff's Complaint, among them that Plaintiff cannot succeed on a loss of consortium claim, a derivative claim, when the underlying tort claims have been dismissed. [Def. Mot. to Dismiss at 11-13.] The government correctly characterizes the law on this point. See Banks v. Int'l Rental & Leasing Corp., 680 F.3d 296, 300 n.6 (3d Cir. 2012) (noting that a loss of consortium claim "must rise or fall" with the underlying tort claim), Petrocelli v. Daniel Woodhead Co., 993 F.2d 27, 30 (3d Cir. 1997) (holding that a loss of consortium claim is derived from the underlying tort claim and is not a separate cause of action, and thus is properly dismissed when the tort claim is dismissed); Steele v. Aramark Corp., No. 90-4340, 2012 WL 4103875, at *11 (D.N.J. Sept. 17, 2012) (granting summary judgment against the plaintiff claiming loss of consortium, because the claim was derivative of a negligence claim that had been dismissed).

4. In this case, this Court reviewed Mr. Hoffenberg's tort claims and dismissed them all, including those brought under the Federal Tort Claims Act. See Hoffenberg v. United States, No. 10-2788, 2012 WL 3079117, at *1 (D.N.J. July 27, 2012), aff'd, 2012 WL 5522374 (3d Cir. Nov. 15, 2012) (per curiam) (dismissing claims); Hoffenberg v. United States, No. 10-2788, 2012 WL 379934, at *4-*6 (D.N.J. Feb. 6, 2012) (dismissing claims).

Therefore, to the extent Plaintiff alleges loss of consortium based on the myriad tort claims Mr. Hoffenberg previously brought and have been dismissed,[3] Plaintiff's Complaint must be dismissed as a matter of law.

5. Plaintiff, in her opposition to the motion, argues that the Court never reviewed, and therefore never dismissed, tort claims against the BOP staff in Washington, D.C. [Pl. Opp'n ¶ 10.] Individual employees named in Plaintiff's Complaint are not defendants to this action. Nonetheless, Plaintiff's allegations against BOP employees in Washington, D.C., appear to be based on a theory of respondeat superior for allegedly tortious conduct by Fort Dix staff. [Compl. at 4, ¶ 59 at 12, 28, 34, 42.] To the extent that Plaintiff alleges loss of consortium, based on BOP employees' respondeat superior liability, which itself is based on torts that the Fort Dix staff allegedly committed against her husband - tort claims which have been dismissed - Plaintiff fails to state a claim upon which relief may be granted, under Rule

---

[3] In addition to the claims dismissed by this Court, Plaintiff's Complaint references "over 1400 plaintiff husband written tort injury claims [that] were filed by the plaintiff husband inmate on the above BOP staff." [Compl. at 25.] Mr. Hoffenberg's other tort claims have been dismissed by other courts. See, e.g., Hoffenberg v. Grondolsky, Civ. No. 09-4784, Memorandum Opinion and Order (D.N.J. Nov. 30, 2011) (Bumb, J.) (recounting the dismissal of Mr. Hoffenberg's claims and entering a limited order precluding Mr. Hoffenberg from filing non-emergent non-habeas civil actions without first obtaining leave from the court).

4

12(b)(6), Fed. R. Civ. P. Respondeat superior claims must fail where, as here, the underlying tort claims have been dismissed. See, e.g., Metz v. United Counties Bancorp, 61 F. Supp. 2d 364, 385 (D.N.J. 1999) ("because the underlying claim . . . has been dismissed, the claim . . . for respondeat superior liability . . . is also dismissed").

6. To the extent Plaintiff alleges that BOP employees in Washington, D.C., owed a duty of care to Plaintiff directly,[4] Plaintiff has not alleged conduct that, if proven, would entitle her to relief. The Court cannot find in Plaintiff's Complaint allegations of facts that show the BOP employees in Washington, D.C., either owed a duty to Plaintiff or breached that duty.

7. Finally, to the extent Plaintiff alleges new tort claims against the BOP's Washington, D.C. employees for injuries allegedly suffered by her husband, Plaintiff lacks standing to litigate those claims.[5] To have standing, a plaintiff must have suffered an injury in fact, Taliaferro v. Darby Twp. Zoning Bd.,

---

[4] Plaintiff's opposition states: "this Court never reviewed any claims under the BOP breach of the duties of Washington, D.C. care owed this plaintiff . . . ." [Pl. Opp'n ¶ 10.]

[5] Plaintiff appears to assert claims of negligence against BOP employees for failing to stop Fort Dix staff from allegedly committing torts, Compl. ¶ 59, as well as claims of actual tortious behavior injurious to her husband, Compl. ¶¶ 188-191. The bulk of the Complaint alleges that (1) the BOP impeded Mr. Hoffenberg's court-ordered restitution, (2) the BOP staff destroyed legal documents, (3) Mr. Hoffenberg was denied the ability to make phone calls, and (4) Mr. Hoffenberg was denied medical treatment. [Compl. ¶¶ 55, 63, 65, 198.]

458 F.3d 181, 188 (3d Cir. 2006), and Plaintiff claims that her "actual injury" is loss of consortium. [Compl. ¶ 26.] This case presents no special circumstances in which Plaintiff would be able to bring claims on behalf of her husband.

8. Therefore, the entire Complaint, including all of Plaintiff's claims that allege loss of consortium or tort liability by BOP employees in Washington, D.C., must be dismissed. The accompanying Order will be entered.

**January 8, 2013**                       **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                   Chief U.S. District Judge